IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KRIESTA L. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00022 |
| | ) | |
| SHENANDOAH UNIVERSITY, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Kriesta Watson, proceeding pro se, has brought this action against her former employer, Shenandoah University and its Board of Trustees. Her sole remaining claim is that she was terminated because of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Before the court are cross-motions for summary judgment and a second motion for summary judgment filed by Watson, all of which were referred to United States Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(B), for a recommended disposition. (Dkt. Nos. 87, 89, 93.) After briefing and oral argument, the magistrate judge filed a report and recommendation on November 14, 2016, recommending that the defendants' motion for summary judgment (Dkt. No. 87) be granted and that Watson's motion (and amended motion) for summary judgment (Dkt. Nos. 89, 93) be denied. Watson timely filed objections. (Dkt. No. 103).

The court has carefully reviewed the magistrate judge's report, all of Watson's objections, the pertinent portions of the record, and the relevant legal authority. As it must, the court has reviewed de novo "those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The court concludes that the magistrate judge's reasoning is sound, that his recommendations are proper and correct, and that defendants' summary judgment motion should be granted and Watson's two motions denied. Accordingly, the court will adopt the magistrate judge's report and recommendation in its entirety.

The court also addresses briefly Watson's argument that the defendants "shifted their reasoning for [her] termination."  (Objections 7, Dkt. No. 103; *see also id.* at 11 (arguing that "[t]he grievance committee change[d] the reasons for her termination").)  She appears to be arguing that, because the grievance committee gave a different—and admittedly incorrect— reason to uphold her termination, this is sufficient evidence of pretext to survive summary judgment.[1]  The court disagrees.

In denying Watson's grievance and denying her request for reinstatement, the grievance committee relied on her supposed violation of the absenteeism policy (Employee Conduct Policy 4.2) by being absent three days in a row without informing her supervisor.  (January 26, 2011 grievance committee decision, Dkt. No. 88-30.)  In light of its conclusion, the committee did not address many of the other issues she raised.  (*Id.*)  Unlike the decision reached in the grievance process, though, the termination decision itself did not rely on that particular policy at all. Instead, it explained that Watson was not "meeting the standards of conduct" expected of her as detailed in several other provisions of the staff handbook, including Policy 9.1, titled "work schedule."  (October 25, 2010 termination letter, Dkt. No. 88-21 at 2.)  Judge Hoppe correctly reasoned that it did not matter what reasons the grievance committee gave in denying her

---

[1] As the magistrate judge noted, the factual basis for the grievance committee's stated reason for denying her grievance is "wanting."  (Report 18.)  That is, the parties appear to agree that Watson was in fact present on campus on the third day that the committee stated she was absent—October 20, 2010.

2

Case 5:14-cv-00022-EKD-JCH   Document 104   Filed 03/29/17   Page 2 of 4   Pageid#: 1784

grievance, because it was her termination on October 25, 2010—not the grievance committee decision—that "is the adverse employment action relevant to her Title VII race discrimination claim." (*Id.* at 18–19.)

The court further notes that, even if the decision of the grievance committee could be considered as possible evidence of pretext (either as a "different" reason for her termination or because it was a "false" one), it would not constitute sufficient evidence of pretext to overcome the other legitimate reasons given for her termination. As the Supreme Court has emphasized, "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000); *see also Holland v. Washington Homes, Inc.*, 487 F.3d 208 (4th Cir. 2007) (noting that once the employer has met its burden of production, "the sole remaining issue [is] discrimination *vel non*") (quoting *Reeves*, 530 U.S. at 142).

The *Holland* case is also instructive because, in that race discrimination and retaliation case, the employer gave two different reasons for the employee's termination. Despite this, the *Holland* court affirmed the district court's grant of summary judgment in the employer's favor. In *Holland*, the plaintiff was told he was being terminated for threatening his supervisor, but when the employer responded to his claim for benefits from the state unemployment commission, it said he was terminated due to "lack of work," rather than "gross misconduct." 487 F.3d at 212. There was undisputed testimony in the case that the employer did so because it did not want the plaintiff to be barred from receiving unemployment. *Id.*

Acknowledging that a changed reason for termination generally could support a finding of pretext and that a reasonable trier of fact could find that the employer reported a different

3

reason for the employee's termination, the *Holland* court nonetheless concluded that there was insufficient evidence that the given reason for his termination was a pretext for discrimination. *Id.* at 217. Instead, the uncontested evidence established that the decisionmaker honestly believed the plaintiff deserved to be discharged for threatening his supervisor. *Id.*

The same is true of the evidence here. There is nothing to undermine Grigsby's or Fitzsimmons's sincere belief that Watson's problems in her job performance warranted termination or to show that the real reason for her termination was discrimination based on race. *See Reeves*, 530 U.S. at 153. The mere fact that the grievance committee later gave a mistaken reason for her termination is not enough. *See Holland,* 487 F.3d at 217.

For these reasons, and for all of the reasons set forth by the magistrate judge, defendants are entitled to judgment as a matter of law. Accordingly, the magistrate judge's recommendation will be adopted in its entirety. An appropriate order will be entered.

Entered: March 29, 2017.

/s/ *Elizabeth K. Dillon*
    Elizabeth K. Dillon
    United States District Judge